IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Peggy Howze,                          :

    Plaintiff,                    :

  v.                                  :     Case No. 2:14-cv-503

                                                      :     JUDGE ALGENON L. MARBLEY
Commissioner of Social Security,            Magistrate Judge Kemp
                                                      :

    Defendant.                    :

REPORT AND RECOMMENDATION

    This social security disability case was filed on May 28, 2014, and the Court by order of June 3, 2014, directed the plaintiff to file a statement of errors within 30 days after the filing of the answer and a copy of the administrative record.  Plaintiff's statement was due on September 29, 2014, but has not been filed.  The Court subsequently directed Plaintiff's attention to the need to file a statement of errors and warned her that the case might be dismissed for failure to prosecute if she did not file such a statement. (Doc. 14).  Plaintiff also failed to respond to that order.  Despite the absence of a statement of errors, the Court will review the record before making a recommendation as to dismissal of the case.  See Moody v. Astrue, 2011 WL 335863, *1 (S.D. Ohio Jan. 31, 2011), where this Court said:

> [T]he Court would be entirely justified in declining to review the administrative decision because plaintiff has not told the Court why she thinks that decision is wrong, other than because she believes she is disabled and the Administrative Law Judge found that she was not. However, the Court has reviewed the record which led to the decision to deny plaintiff's claim for benefit to see if the Administrative Law Judge committed any obvious or glaring errors that might justify a reversal of that decision or a remand for additional proceedings.

Plaintiff applied for disability insurance benefits and supplemental security income on March 25, 2011, claiming that she became disabled on March 10, 2009.  She was given a hearing before an ALJ on December 5, 2012, and was represented by counsel at the hearing.  There, she testified that she was 50 years old, had a high school diploma, and had been looking for secretarial work for several years.  She had worked as an inspector in a factory, as a mail sorter, and as a telemarketer.  Her last job was in a nursing home, a job she quit due to depression.  She still had depression which caused daily crying spells and a complete lack of energy.  She took several medications but still had racing thoughts and an inability to concentrate.  She did not believe her mental state would permit her to work.

A psychologist, Dr. Detore, completed a questionnaire on August 29, 2011.  At that time, he concluded that Plaintiff could respond appropriately to work pressures and that she had only slight limitations due to her psychological condition.  (Tr. 488-89).  His written report noted that she reported no difficulties sleeping or eating and that she was anxious or angry only occasionally.  Her memory and concentration were within normal limits.  (Tr. 490-93).

Plaintiff was assessed by NetCare on December 30, 2011.  In contrast to what she told Dr. Detore, she said that she was depressed on a daily basis, was the victim of traumatic stress, had trouble eating and sleeping, was anxious, and felt hopeless.  She was diagnosed with a depressive disorder and her GAF was rated at 35.  (Tr. 511-15).  The assessment was signed by a Licensed Independent Social Worker.  She then began seeing a counselor.  Shortly thereafter, a treating psychologist, Dr. Stinson, completed a questionnaire stating he believed Plaintiff was employable although she had a number of moderate limitations

in function due to psychological issues.  (Tr. 543-45).  Finally, a state agency reviewer found that Plaintiff had moderate limitations in her ability to deal with detailed instructions, to maintain concentration and attention for extended periods, and to deal with work stress.  That reviewer, Dr. Johnston, concluded that Plaintiff could deal with limited changes in the workplace, could not have more than superficial contact with others, and could carry out simple to moderately complex tasks in a routine and relatively static work setting without a fast pace.  (Tr. 136-38).

    A vocational expert, Dr. Finch, testified at the administrative hearing.  He was asked if there were jobs that could be done by someone who had the limitations described by Dr. Johnston.  He said that such a person could do Plaintiff's past job as a mail sorter, and could also work as a garment folder, retail marker, or lot attendant.  Dr. Stinson's limitations were consistent with that type of work.  The only description of limitations which was inconsistent with working came from Plaintiff's own testimony.

    Based on this evidence, the ALJ found that although Plaintiff had not worked since her onset date and was insured for Social Security purposes up through September 30, 2010, she could do a fairly wide range of light work and was limited by psychological symptoms only to the extent described by Dr. Johnston, whose opinion was given great weight.  He also found that she could do the jobs identified by Dr. Finch.  For that reason, he denied her applications for benefits.  The Appeals Council denied Plaintiff's request to review that decision, finding no reason to do so.  (Tr. 1-4).

    A court reviews an ALJ's decision in a case like this one under a deferential standard, meaning that the Court does not decide the case anew.  Rather, it can reach a different decision

or send the case back for further proceedings only if the ALJ's decision is not supported by substantial evidence - evidence that would allow a reasonable person to decide the case as the ALJ did - or if the ALJ made an error of law. See 42 U.S.C. § 405(g); Walters v. Commissioner of Social Security, 127 F.3d 525 (6th Cir.1997).

Here, as to Plaintiff's mental impairment, the ALJ adopted the findings of the state agency reviewer. Under appropriate circumstances, an ALJ is allowed to do that, even though the opinion of a treating source is generally entitled to more weight. See 20 C.F.R. §404.1527(c); Wilson v. Comm'r of Social Security, 378 F.3d 541, 544 (6th Cir. 2004). Here, it really did not make a difference in the outcome of the case; Dr. Finch said that even if Plaintiff was as limited as described by Dr. Stinson, she could still work, and Dr. Stinson himself said Plaintiff was employable. The ALJ neither committed an error of law in accepting this evidence, nor did he make a decision that a reasonable person could not have made based on the evidence. The Court finds no clear error in the decision below, and therefore **RECOMMENDS** that the case be dismissed and that judgment be entered in favor of the Commissioner of Social Security.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept,

-4-

reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

    The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation <u>de novo</u>, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  <u>See Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir.1981).


                                                <u>/s/ Terence P. Kemp</u>
                                                United States Magistrate Judge